IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY CABE BOOTH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 3:24-cv-00194-X |
| | § | |
| **ANSCHUTZ ENTERTAINMENT GROUP, INC; AEG LIVE LLC; ANSHUTZ TEXAS LP; AEG PRESENTS, LLC; and ROBIN PHILLIPS,** | § § § § § | |
| | § | |
| Defendants. | § | |
| | § | |
| Related to: | § | |
| | § | |
| **JOHN FREEMAN BOOTH, JR.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-00269-X |
| | § | |
| **ANSCHUTZ ENTERTAINMENT GROUP, INC; AEG LIVE LLC; ANSHUTZ TEXAS LP; AEG PRESENTS, LLC; and ROBIN PHILLIPS,** | § § § § § | |
| | | |
| Defendant. | | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
FILED SECONDARILY TO AND CONDITIONED UPON
<u>DEFENDANTS' FEDERAL RULE 12(b)(6) MOTION TO DISMISS</u>**

Defendants Anschutz Entertainment Group, Inc; AEG Live LLC; Anschutz Texas LP; AEG Presents, LLC; and Robin Phillips ("AEG" or "Defendants"), file this their Original Answer to Plaintiff's Original Complaint, which is being filed Secondarily to and Conditioned Upon Defendants' Federal Rule 12(b)(6) Motion to Dismiss.

## PARTIES

1. AEG admits that Plaintiff, Timothy Cabe Booth ("Cabe" or "Plaintiff") is a living individual as alleged in paragraph 1 of Plaintiff's Original Complaint but is without information to either admit or deny his residence location as alleged therein, therefore it is denied. AEG denies the second sentence in this paragraph and is without information to either admit or deny the last sentence in paragraph 1 of Plaintiff's Original Complaint, therefore it is denied.

2. AEG admits that Defendant Robin Phillips is a resident of Tarrant County, Texas and that she was a Vice President as alleged in paragraph 2 of Plaintiff's Original Complaint, otherwise denied.

3. AEG admits the allegations in paragraph 3 of Plaintiff's Original Complaint.

4. AEG denies the allegations in paragraph 4 of Plaintiff's Original Complaint.

5. AEG admits the allegations in paragraph 5 of Plaintiff's Original Complaint.

6. AEG admits the allegations in the first sentence of paragraph 6 of Plaintiff's Original Complaint, otherwise denied.

7. There is nothing to either admit or deny in paragraph 7 of Plaintiff's Original Complaint, therefore this paragraph is denied. While Plaintiff's Original Complaint may intend for the term "Defendants" to mean all Defendants collectively, AEG denies that all the named Defendants are the same.

8. The allegations in paragraph 8 of Plaintiff's Original Complaint are denied with the exception that the subject entertainment venue is owned by the City of Grand Prairie and is leased out.

9. The allegations in paragraph 9 of Plaintiff's Original Complaint are denied.

## JURISDICTION AND VENUE

10. AEG admits the jurisdictional allegations in paragraph 10 of Plaintiff's Original Complaint but denies that Plaintiff has standing to sue AEG under the alleged statutes.

11. AEG admits the supplemental jurisdictional allegations in paragraph 11 of Plaintiff's Original Complaint but denies that Plaintiff has standing to sue AEG under the alleged supplemental jurisdictional statute. AEG further denies the allegations in this paragraph because Plaintiff's common law negligence claim is time-barred.

12. With respect to paragraph 12 of Plaintiff's Original Complaint, AEG admits that venue is proper in this Court but denies that Plaintiff has standing to sue AEG.

## FACTUAL BACKGROUND

13. AEG denies the allegations in paragraph 13 of Plaintiff's Original Complaint.

14. AEG denies the allegations in paragraph 14 of Plaintiff's Original Complaint.

15. AEG admits the allegation in paragraph 15 of Plaintiff's Original Complaint that performer portrait posters on wood were commissioned from Cabe, but not at a venue as alleged. AEG further admits the allegations in this paragraph stating that Cabe was hired by AEG, as this allegation is prima facie evidence of work for hire, otherwise the allegations in this paragraph are denied.

16. AEG admits the allegations in paragraph 16 of Plaintiff's Original Complaint that indicate that, for a period of time, Cabe produced performer portraits commissioned by AEG, otherwise the allegations in this paragraph are denied.

17. AEG is without information to either admit or deny the allegations in paragraph 17 of Plaintiff's Original Complaint, therefore they are denied.

18. With respect to the allegations in paragraph 18 of Plaintiff's Original Complaint, AEG admits that the venue is five-stories and seats over 6,000 people, otherwise denied.

19. The allegations in paragraph 19 of Plaintiff's Original Complaint are denied.

20. AEG denies that Cabe prepared anything "for the Theatre" (including those listed in **Appendix A** to Plaintiff's Original Complaint) or that images were furnished "by the Theatre" as alleged, or that the performer portraits "constituted derivative works fully protected by VARA," otherwise AEG admits the allegations in paragraph 20 of Plaintiff's Original Complaint.

21. AEG admits the allegations in paragraph 21 of Plaintiff's Original Complaint with the exception that it is without information to admit or deny the reference to the words "identifying logo," therefore this allegation is denied. In addition and without waiving any of the foregoing, AEG denies that each poster produced by Cabe was "viewed and presented to the performer for autographing" as alleged.

22. AEG denies the allegations in paragraph 22 of Plaintiff's Original Complaint. In addition and without waiving the foregoing, AEG is without information to admit or deny any legal conclusions pertaining to Cabe's alleged tax or copyright status, therefore these allegations are denied.

23. The allegations in paragraph 23 of Plaintiff's Original Complaint are denied.

24. AEG denies the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. AEG is without information to either admit or deny the allegations in paragraph 25 of Plaintiff's Original Complaint, therefore these are denied.

26. With respect to the allegations in paragraph 26 of Plaintiff's Original Complaint, AEG admits that a letter was sent to Cabe's prior counsel and that the letter speaks for itself, otherwise the allegations in this paragraph are denied.

27. AEG admits that no notice was given to Cabe, otherwise the allegations in paragraph 27 of Plaintiff's Original Complaint are denied.

28. AEG admits that it did not seek permission from Cabe, otherwise the allegations in paragraph 28 of Plaintiff's Original Complaint are denied.

29. AEG denies the allegations in paragraph 29 of Plaintiff's Original Complaint.

30. AEG denies the allegations in paragraph 30 of Plaintiff's Original Complaint.

31. With respect to the allegations in paragraph 31 of Plaintiff's Original Complaint, AEG admits that a letter was sent to Cabe's prior counsel, admat boards (posters) produced by Cabe are in AEG's possession, AEG has not identified which such admat boards (posters) were produced by Cabe, and that AEG has no obligation to Cabe specifically, or to identify generally, the admat boards' (posters') location, and that the referenced letter speaks for itself, otherwise the allegations in this paragraph are denied.

32. AEG denies the allegations in paragraph 32 of Plaintiff's Original Complaint with the exception that no notice was given to Cabe.

33. AEG denies the allegations in paragraph 33 of Plaintiff's Original Complaint including those that assume facts not in evidence regarding restoration and/or repair obligations.

34. AEG denies the allegations in paragraph 34 of Plaintiff's Original Complaint since they assume an erroneous assumption that AEG destroyed anything which it did not.

35. AEG denies the allegations in paragraph 35 of Plaintiff's Original Complaint.

36. With respect to paragraph 36 of Plaintiff's Original Complaint, AEG admits it is aware of VARA, but other than that, the allegations in this paragraph are denied. Moreover, with respect to the lawsuit styled "*Ockerman v. Anschutz Entertainment Group, Inc.*, No. 2:11-cv-09422

(C.D. Cal. filed 11/14/2011), AEG asserts that it is completely distinguishable from the present case and in any event is a matter of public record and therefore speaks for itself.

37. AEG denies the allegations in paragraph 37 of Plaintiff's Original Complaint.

## CLAIM I: VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (17 U.S.C. §106A) – RIGHT OF INTEGRITY

38. There are no allegations to either admit or deny in paragraph 38 of Plaintiff's Original Complaint, therefore this paragraph is denied.

39. AEG denies the allegations in paragraph 39 of Plaintiff's Original Complaint.

40. AEG denies the allegations in paragraph 40 of Plaintiff's Original Complaint.

41. AEG denies the allegations in paragraph 41 of Plaintiff's Original Complaint which assume facts not in evidence and rely on legal conclusions.

42. AEG denies the allegations in paragraph 42 of Plaintiff's Original Complaint.

43. AEG denies the allegations in paragraph 43 of Plaintiff's Original Complaint.

44. AEG denies the allegations in paragraph 44 of Plaintiff's Original Complaint.

45. AEG denies the allegations in paragraph 45 of Plaintiff's Original Complaint.

46. AEG denies the allegations in paragraph 46 of Plaintiff's Original Complaint.

47. AEG denies the allegations in paragraph 47 of Plaintiff's Original Complaint.

## CLAIM II: VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (17 U.S.C. §106A) – RIGHT OF ATTRIBUTION

48. There are no allegations to either admit or deny in paragraph 48 of Plaintiff's Original Complaint, therefore this paragraph is denied.

49. AEG denies the allegations in paragraph 49 of Plaintiff's Original Complaint.

50. AEG denies the allegations in paragraph 50 of Plaintiff's Original Complaint which assume facts not in evidence and rely on legal conclusions.

51. AEG denies the allegations in paragraph 51 of Plaintiff's Original Complaint.

52. AEG denies the allegations in paragraph 52 of Plaintiff's Original Complaint.

### CLAIM III:  NEGLIGENCE

53. There are no allegations to either admit or deny in paragraph 53 of Plaintiff's Original Complaint, therefore this paragraph is denied.

54. AEG denies the allegations in paragraph 54 of Plaintiff's Original Complaint.

55. AEG denies the allegations in paragraph 55 of Plaintiff's Original Complaint.

56. AEG denies the allegations in paragraph 56 of Plaintiff's Original Complaint.

57. AEG denies the allegations in paragraph 57 of Plaintiff's Original Complaint.

### PRAYER FOR RELIEF

58.a.   Denied.

58.b.   Denied.

58.c.   Denied.

58.d.   Denied.

58.e.   Denied.

58.f.   Denied.

58.g.   Denied.

58.h.   Denied.

### JURY DEMAND

59. AEG respectfully makes a jury demand.

### DEFENSES

60. Cabe lacks standing to sue under VARA because none of its statutory protections apply under the facts and circumstances of this case.

61. Cabe's negligence claim is time-barred by the applicable statute of limitations.

62. AEG destroyed nothing. Posters were destroyed in Texas' historic freeze of February 2021. Cabe has not pled and cannot prove which, if any, of the damaged posters were those he produced.

63. Following Texas' historic freeze of February 2021, an insurance claim was made for the interior and exterior damages caused by freeze/water. In connection with necessary mitigation and remediation efforts, AEG disposed of some posters that were already destroyed in the freeze. There is no record of who produced the posters that were disposed of and it is impossible to know if Cabe's posters were in that lot.

64. There is no notice requirement under VARA applicable to Cabe's claim.

65. There is no restoration or repair requirement under VARA applicable to Cabe's claim.

66. Cabe's posters do not qualify as "works of visual art" as that phrase is defined by law.

67. Cabe's posters have no "recognized stature" as required to trigger VARA protections. Moreover, Cabe has identified no specific poster or posters that would qualify as a "work of visual art of recognized stature," and VARA does not apply globally to a body of works.

68. VARA's recognized stature requirement applies to a "work of visual art" and not to the status of an artist.

69. Cabe's works are not protected by VARA because they are posters.

70. Cabe's works are not protected by VARA because they are "applied art."

71. Cabe's works are not protected by VARA because they are based on, rely on, and stem from merchandising items and/or advertising and promotional material.

72. Cabe's posters constitute work for hire and therefore are not protected by VARA.

73. Cabe's **Appendix A** attached to his Original Complaint fails to show any given poster's connection to AEG or any given poster's destruction by AEG. It has no significance to this lawsuit.

74. VARA includes no prohibition against disposing of work that has already been destroyed by an act of nature or otherwise.

75. The destruction of posters due to the February 2021 Texas freeze and subsequent water damage had nothing to do with AEG and was an event over which AEG did not and could not exercise control.

76. None of Cabe's posters qualify as "a work of visual art incorporated in or made part of a building."

77. Cabe's posters were all mechanically and easily replicated works for AEG to be used solely as autographed performer memorabilia, and not as individual works of fine art subject to VARA protections.

78. The posters were all uniform, fungible items, based on pre-approved "admats" which do not implicate the moral rights intended for protection under VARA.

79. Cabe's posters are all derivative copies of pre-existing advertising images and therefore not protected by VARA.

80. Cabe has not incurred any damages for which AEG may be found liable. The damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to AEG and over which AEG did not and could not exercise control.

81. Cabe has failed to mitigate his damages, if any.

82.   Cabe's damages sought by this lawsuit are not the result of any act or omission attributable to AEG. His damages, if any, were caused by a new and independent cause or causes not reasonably foreseeable by AEG. This new and independent cause(s) was the immediate and efficient cause of injury, if any, to Cabe. The acts or omissions alleged by Cabe against AEG were not the proximate or producing cause of any of any of Cabe's alleged damages.

83.   Posters in AEG's possession were produced by Cabe and others, including Cabe's brother, John Freeman Booth, Jr. They were never exhibited or otherwise shown to the public. Cabe cannot meet his burden of proving that his works fit within VARA's statutory protections.

84.   AEG owed no common law duty of care to Cabe subject to breach.

85.   Cabe cannot recover against AEG based on unjust enrichment.

86.   Cabe's entire lawsuit is premised upon allegations that he knows are untrue and of which he was apprised well before suit was filed. AEG reserves the right to seek sanctions for his affirmative misrepresentations to this Court.

87.   On information and belief, online Wikipedia information pertaining to the Theatre and any performer portraits mentioning or referring to Cabe are incorrect. It is unknown if Cabe or others created the false and misleading information presently posted on this website, given that it allows anyone to edit entries without verification, but it is untrue as written.

88.   AEG asserts the doctrines of waiver and estoppel as bars to Cabe's case.

89.   AEG asserts all applicable legal and equitable damage limitations and reserves the right to amend its answer to allege any other defenses that might be appropriate in this case.

90.   In the event this Court does not dismiss Cabe's lawsuit in its entirety pursuant to Rule 12(b)(6), AEG asserts that all Defendants *except* AEG Presents, LLC should be dismissed on the grounds that Cabe cannot state a claim against each of these upon which relief can be granted.

Anschutz Entertainment Group, Inc. is AEG Presents' parent company; it was not involved with Cabe or the works at issue. AEG Live LLC is the former name of AEG Presents, LLC. This entity is non-existent – it is merely duplicative of the named party AEG Presents, LLC. Robin Phillips is an employee of AEG Presents, LLC, who was, at all times relevant to Cabe's lawsuit, acting in the course and scope of her employment. Her actions are imputed to AEG under a theory of vicarious liability, she has no personal liability in this lawsuit. Finally, Anschutz Texas LP was previously doing business as Verizon Theater at Grand Prairie for purposes of venue leasing. Verizon was the "Name in Title" sponsor of the venue until the sponsorship expired in 2018/2019. Anschutz Texas, LP has nothing to do with Cabe or the works at issue and therefore has no personal liability in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendants Anschutz Entertainment Group, Inc; AEG Live LLC; Anschutz Texas LP; AEG Presents, LLC; and Robin Phillips pray that upon final trial and hearing hereof, Plaintiff, Timothy Cabe Booth, recover nothing from Defendants, but that Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ Jamie K. Baker*
Jamie K. Baker
Texas State Bar No. 01581050
*jbaker@thompsoncoe.com*
Morgan Bonney
Texas State Bar No. 24113630
*mbonney@thompsoncoe.com*

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

        **COUNSEL FOR DEFENDANTS ANSCHUTZ ENTERTAINMENT GROUP, INC; AEG LIVE LLC; ANSHUTZ TEXAS LP; AEG PRESENTS, LLC; and ROBIN PHILLIPS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this pleading has been served via the Federal Rules of Civil Procedure on this 16th day of April 2024 on the following counsel of record:

Peter V. Schroeder  
David Joers  
Booth Albanesi Schroeder, PLLC  
8117 Preston Road, Suite 300  
Dallas, TX 75225

        */s/ Jamie K. Baker*  
        JAMIE K. BAKER