UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY CABE BOOTH,<br><br>*Plaintiff*,<br><br>v.<br><br>ANSCHUTZ ENTERTAINMENT GROUP, INC., et al.,<br><br>*Defendants*. | §§§§§§§§§§§§ Civil Action No. 3:24-CV-0194-X<br><br>*Consolidated with Civil Action No. 3:24-cv-0269* |

## MEMORANDUM OPINION AND ORDER

There are two motions to dismiss pending in this consolidated case: (1) Defendant AEG Presents, LLC's (AEG) Motion to Dismiss John Freeman Booth, Jr.'s lawsuit (Doc. 11),[1] and (2) Defendants Anschutz Entertainment Group, Inc., AEG Live, LLC, Anschutz Texas, LP, AEG Presents, LLC, and Robin Phillips's (Defendants)[2] Motion to Dismiss Plaintiff Timothy Cabe Booth's First Amended Complaint (Doc. 40). After reviewing the motions, briefing, and applicable law, the Court **DENIES** AEG's Motion to Dismiss John Booth's lawsuit (Doc. 11), and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss Timothy Cabe Booth's First Amended Complaint (Doc. 40). The Court grants leave to Plaintiff Timothy Cabe Booth (Cabe Booth) to file one final amended complaint within twenty-eight (28) days from the date of this order.

---

[1] Doc. 11 in member case, Case No. 3:24-cv-0269-X.

[2] Robin Phillips was dismissed as a defendant subsequent to the filing of this Motion. (Doc. 53).

1

## I. Factual Background

Artists and brothers Cabe Booth and John Freeman Booth, Jr. (together, Artists), brought individual suits against the Defendants, asserting claims under the Visual Artists Rights Act (the Act); the Court consolidated their cases. The artists produced performer portraits for the Texas Trust CU Theatre in Grand Prairie (Theatre). The Defendants[3] leased and operated the Theatre, which the City of Grand Prairie owns. The Artists bring suit alleging violations of the Act for portraits in the Defendants' possession that may have been destroyed, damaged, or disposed of, allegedly following the 2021 Winter Freeze, a remodel, or both. The Defendants filed two separate motions, prior to consolidation, to dismiss each lawsuit. The Court resolves them both here.

## II. Legal Standard

The Federal Rules require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] A Rule 12(b)(6) motion challenges such a pleading for a "failure to state a claim upon which relief can be granted."[5] When analyzing the pleadings under a Rule 12(b)(6) motion, the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3] AEG employs Defendant Phillips.

[4] Fed. R. Civ. P. 8(a)(2).

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

misconduct alleged."[7]  However, the recitation of facts must move the "claims across the line from conceivable to plausible."[8]  In reviewing a complaint, the Court "accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the nonmoving party."[9]  However, there are a number of categories that the Court does not presume to be true, including "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[10]

### III. Analysis

#### A.    AEG Presents, LLC's Motion to Dismiss (Doc. 11)[11]

AEG argues that John Booth's complaint fails to identify works of art subject to protections under the Act, instead arguing the disposed pieces are posters, and that John Booth misunderstands the events giving rise to the disposal of the items in question—that they were damaged in the winter storm of February 2021.  John Booth argues that these are questions of fact that are improper for a Rule 12(b)(6) motion, and that he has met his pleading burden.  The Court agrees that John Booth has sufficiently pled his claims under the Act.

Section 106A of the Act provides that "the author of a work of visual art" shall have the right of attribution and the right of integrity.[12]  The Act conveys the right for

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Twombly*, 550 U.S. at 570.

[9] *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162 (5th Cir. 2021) (cleaned up).

[10] *Id.* at 1162–63.

[11] All docket citations pertaining to this motion are to the member case: Case No. 3:24-cv-0269.

[12] 17 U.S.C. § 106A(a).

said author to prevent the distortion, destruction, or modification of protected works.[13] A "work of visual art" includes "a painting, drawing, print, or sculpture, existing in a single copy, [or] in a limited edition of 200 copies or fewer," but excludes, among other things, "any poster[;] . . . any merchandising item or advertising, promotional[;] . . . [or] any work made for hire."[14]

John Booth's Complaint alleges he sold hand painted portraits of artists and performers to the Texas Trust CU Theatre at Grand Prairie, leased by AEG. AEG also admits these portraits were produced "in a painted or photographic format."[15] Whether or not the performer portraits are or are not a painting is a fact issue.

However, John Booth does not identify a specific portrait or portraits that were destroyed. John Booth does provide a list of forty-six (46) portraits, and he alleges he provided over forty (40) to AEG between 2007 and 2010.[16] AEG argues that John Booth's claim must fail for this lack of specificity. AEG's own inventory list does not specify which portraits, labeled as "Wooden Artwork" were damaged.[17] To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need to contain detailed factual allegations, but "must be enough to raise a right to relief above the speculative level."[18] As John Booth cannot know what portraits were destroyed from his vantage point, but has identified which artwork he provided to AEG, the Court finds this sufficient to raise

---

[13] *Id.* § 106A(a)(3).

[14] *Id.* § 101.

[15] Doc. 11 ¶ 2.3.

[16] Doc. 1, App. A.

[17] Doc. 11 ¶ 2.5; Doc. 11-1 at 7.

[18] *Twombly*, 550 U.S. at 555.

his right to relief under the Act above the speculative level.

Next, the Complaint alleges that Defendants "disposed of" some of the portraits "in a dumpster."[19]  Section 106A(a)(3) states:

> [T]he author of a work of visual art . . . subject to the limitations set forth in section 113(d), shall have the right—
>
> (A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right, and
>
> (B) to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.[20]

At this stage, the Court accepts well-pled facts as true and draws all reasonable inferences in favor of Booth.[21]  Thus, if AEG disposed of some portraits in a dumpster, a reasonable inference would be that AEG is liable for distortion or destruction under the Act.  AEG's arguments as to the facts of the case are not proper at this stage.

Because the Court finds that John Booth has sufficiently pled facts giving rise to relief, AEG's motion to dismiss is **DENIED.**

B.    **Motion to Dismiss Cabe Booth's First Amended Complaint (Doc. 40)**

In their motion to dismiss, Defendants argue that (1) Cabe Booth fails to identify a qualifying work under the Act; (2) Cabe Booth has waived his right under the Act by consenting to performers autographing the portraits; and (3) section 113(d) does not apply in this case.  First, the Court will consider the allegations specific to section 106A

---

[19] Doc. 1 ¶ 26.

[20] 17 U.S.C. § 160A(a)(3).

[21] *See Harmon*, 16 F.4th at 1162.

5

protections (the first and second argument above), then, the Court will consider the allegations giving rise to obligations under section 113.

Cabe Booth alleges that he painted over three hundred portraits for the Theatre between 2002 and 2012. Each portrait consisted of a wooden piece with holes drilled in the back to affix the portrait to the wall. The portraits were painted with oil, contained Booth's name and identifying logo, and were presented to performers for their autograph.

Similar to the analysis of the above motion, whether or not the performer portraits were paintings or posters is a fact issue better suited for trial. Turning to the argument of a consented-to modification, the Act includes a qualifier to the term modification: the artist "shall have the right to prevent any . . . other modification of that work *which would be prejudicial to his or her honor or reputation.*"[22] The impact of a modification presents a fact question that is, again, not appropriate for a motion to dismiss.

Defendants also argue that Cabe Booth cannot prove any of the portraits were a work of recognized stature. Section 106A(a)(3)(B) gives an artist the right "to prevent any destruction of a work of recognized stature."[23] A work of recognized stature is not defined in the statute and has not been taken up in this Circuit. But it certainly involves a question of fact (even if the legal standard is set and clear)[24] and is thus

---

[22] 17 U.S.C. § 106A(a)(3)(A) (emphasis added).

[23] *Id*. § 106A(a)(3)(B).

[24] *See, e.g.*, *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2nd Cir. 2020); *Martin v. City of Indianapolis*, 192 F.3d 608, 612 (7th Cir. 1999) (recognizing that the determination of recognized stature would be "based greatly" on expert testimony); Drew Thornley, *The Visual Artists Rights Act's "Recognized Stature" Provision: A Case for Repeal*, 67 Clev. St. L. Rev. 351, 365 n. 81 (2019).

improper to resolve at the pleading stage. Therefore, the Court **DENIES** the motion on the grounds Cabe did not sufficiently plead a claim for relief under section 106A of the Act.

Next, the Defendants argue that Cabe Booth is precluded from recovery under section 113(d) of the Act, which provides that, where a work is a part of a building and can be removed without damage, the owner of a building has a duty to attempt to notify the author before removing the work.[25] Defendants first argue that the portraits were not incorporated or made a part of the building. This is an improper fact issue at the pleadings stage. Next, the Defendants argue that section 113(d) only applies to building owners, and the Amended Complaint does not adequately plead an agency relationship between the Defendants, as the tenant, and the City of Grand Prairie, the owner. The Court finds this argument convincing.

The First Amended Complaint does not include any factual allegations as to an agency relationship between the AEG Defendants and the City of Grand Prairie that the Court could accept as true. The First Amended Complaint alleges the Defendants were acting in concert and were agents of one another. This only concerns the relationship between Defendants, not the City of Grand Prairie. Next, Booth alleges "the Defendants acting as agents of the owner or with the authority, ratification, and approval of the owner"[26] were required to comply with section 113, and further, that each Defendant was "the agent, affiliate, officer, director, manager, principal, partner,

---

[25] *See* 17 U.S.C. § 113(d)(2).

[26] Doc. 37 ¶25.

joint venturer, alter-ego and/or employee"[27] of all the other Defendants and the owner of the Theatre. This falls within the category of legal conclusions, threadbare recitals, and conclusory statements the Court does not have to accept as true.[28] "While legal conclusions can provide the framework of complaint, they must be supported by factual allegations."[29] Only where there are well-pled factual allegations will the Court determine whether the facts give rise to relief.[30] Cabe Booth has not pled any facts to support an inference of an agency relationship, thus Booth's claim of integrity does not give rise to section 113(d) requirements or protections. The Court **GRANTS** the motion to dismiss as to the section 113(d) claims and allegations.

Where does this leave us? The Court determines that Cabe Booth has successfully plead a claim for a violation of his right of integrity under section 106A but has failed to plead any facts that give rise to protections or duties under section 113(d). The Court **GRANTS IN PART** AEG's Motion to Dismiss, only as to section 113(d) claims or allegations and **DENIES IN PART** as to the rest of the Motion. However, the Court grants leave to Plaintiff Cabe Booth to file a second amended complaint to cure the defect in the allegations regarding the agency relationship within twenty-eight days from the date of this order.

---

[27] Doc. 37 ¶ 30.

[28] *See Harmon*, 16 F.4th at 1162–63.

[29] *Iqbal*, 556 U.S. at 679.

[30] *Id.*

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** AEG's Motion to Dismiss John Booth's lawsuit (Doc. 11), and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss Cabe Booth's First Amended Complaint (Doc. 40). The Court grants leave to Plaintiff Cabe Booth to file one final amended complaint within twenty-eight (28) days from the date of this order.

**IT IS SO ORDERED** this 3rd day of February, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE